DEVENNE, PLAINTIFF-APPELLANT, v. LAKEWOOD (CITY), ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 27095. Decided September 9, 1964.

*Mr. Henry DuLaurence, Messrs. Rudd, Ober & Miller, Oppmann & Oppmann,* for plaintiff-appellant.

*Mr. Harold J. Craig,* director of law, *Messrs. Thompson, Hine & Flory,* for defendants-appellees.

*Per Curiam.* The motion of the plaintiff bringing this action as a taxpayer seeks a temporary restraining order, pending final determination of the issues, to prevent the defendant city and its officials from issuing a building permit to construct a restaurant facility to be used in conjunction with Winton Place, which is said to be a high-rise luxury apartment, containing more than three hundred and fifty suites. Said apartment building, facing Lake Erie, is now nearing completion and is partially occupied. It has been under construction since the City of Lakewood ssued the first of four building permits late in 1961. This permit described the project as a twenty-seven story apartment building being built at an estimated cost of $14,000,000. In the application for the first building permit, under "remarks," it is stated: "To construct 27 stories of apartments and accessory uses and restaurant as per plans on file. Permits issued on foundations and underground garage to expedite construction." This application shows that the building is to be set back five hundred feet from Lake Avenue, the public thoroughfare upon which the apartment building fronts. The second building permit was issued upon an application dated February 7, 1963, as an additional permit to permit number 724 (the first permit above described). On January 31, 1964, the third permit was issued on an application of that date indicating that it was for the construction of a restaurant in connection with the "Winton Place Development." Un-

der "remarks" it is stated: "Provide restaurant facilities in club room area. This facility to be used until permanent restaurant is completed. This area to be converted to club rooms in conjunction with pool area to be used by tenants only." The final permit issued May 21, 1964, upon an application of that date, stated that it was for the construction of "Below grade Restaurant Kitchen—Bar, at grade-main entrance."

Upon the record as thus produced by the appellant and movant seeking a temporary restraining order against the city from issuing a permit to construct the restaurant facility in connection with the development of Winton Place, it is perfectly clear that the permit has been issued so that there is now no order that this court could make to prevent it. As to the City of Lakewood and the officials and officers named as defendants, the motion is overruled.

The evidence upon which the movant seeks a temporary restraining order to prevent Winton Place, Inc., from proceeding with the completion of the restaurant facility, which construction is and has been in progress since the date the Common Pleas Court entered a decree for the defendants, refusing plaintiff's prayer to enjoin construction of said restaurant facility after trial on the merits, which decree was entered July 28, 1964, is by affidavit of one of counsel of record to which is attached exhibits upon which movant relies. From such evidence as thus presented, it is clearly established that the property upon which Winton Place is situated is zoned for the use to which it is being devoted, that from the very beginning of this large development it was intended to afford its occupants and others with restaurant facilities, and that by ordinance passed in 1961 such a facility was declared to be an accessory use in apartment projects in excess of two hundred fifty suites. The claim that the ordinance limiting restaurant facilities in high-rise apartments to buildings of two hundred fifty suites or more is discriminatory as to other high-rise buildings in the area is of no concern to the plaintiff. We find that the evidence presented in support of the motion seeking a temporary restraining order to prevent completion of the Winton Place Development, where large sums have already been spent to this date, and seeking to stop further construction of the restaurant facility pending the retrial of the issues in this case, in an appeal

on law and fact, is clearly insufficient as a basis upon which this court would be justified in issuing the temporary restraining order as prayed for in the light of the case of *Willott* v. *Village of Beachwood*, 175 Ohio St., 557.

Motion is overruled.

SKEEL, C. J., SILBERT and CORRIGAN, JJ., concur.